UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FRED ADAMS                                                                                              PLAINTIFF

vs.                                                               CIVIL ACTION NO.  3:19-CV-167-CRS

FAMILY DOLLAR STORES OF                                                                  DEFENDANTS
KENTUCKY, LP #11504,

and

MELVILLE FAMILY TRUST GBR
REAL ESTATE,

## MEMORANDUM OPINION

This matter is before the Court on motion to dismiss in lieu of answer, DN 13, by Defendant Melville Family Trust.  For the following reasons, Defendant Melville Family Trust's motion will be GRANTED.

**I. Background**

Plaintiff Fred Adams ("Plaintiff") alleges that on November 4, 2017, while walking outside the Family Dollar store at 3421 West Broadway in Louisville, Kentucky, he fell and sustained serious and permanent injuries.  DN 1-1, p. 33.  Plaintiff alleges Defendants, Family Dollar Stores of Kentucky, LP #11504 ("Family Dollar") and Melville Family Trust GBR Real Estate ("Melville"), were negligent in maintaining the sidewalk around the store, causing the plaintiff to slip and fall.  *Id*.   On October 29, 2019, Plaintiff filed an initial complaint in Jefferson Circuit Court against three defendants—Family Dollar, Israel Gorinstein, and Rachel Gorinstein.  *Id*. at 5. In his initial complaint, Plaintiff stated "Defendants Israel and Rachel, to the best of Plaintiff's knowledge, own the property located at 1234 W. Broadway, Louisville, Kentucky."  *Id*. at 6.  In fact, Israel and Rachel Gorinstein did own the property located at 1234 West Broadway, and a

Family Dollar store is located on that property. However, Plaintiff alleges his injuries occurred at *different* Family Dollar store, located at 3241 West Broadway, approximately 2.5 miles east of the property owned by the Gorinsteins. On November 27, 2018, Plaintiff filed a "second amended complaint" that included Melville, the owner of the 3421 West Broadway property, as an additional defendant. *Id*. at 25. On January 8, 2019, Plaintiff filed a "third amended complaint," this time noting that Melville owned the property at 3421 W. Broadway, the location of the Family Dollar store where Plaintiff alleges his injuries actually occurred. *Id*. at p. 33.

## II. Discussion

### A. Legal standard

Melville moves to dismiss Plaintiff's negligence claims. Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint states a plausible claim for relief when the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not required to accept legal conclusions or "threadbare recitals of the elements of a cause of action." *Id*. When resolving a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

### B. Application

Melville asserts that Plaintiff's claims are time-barred and thus should be dismissed. DN

13, p. 3. Under Kentucky law, actions involving injury to people "shall be commenced within one (1) year after the cause of action accrued." KRS 413.140. Because Plaintiff seeks recovery for personal injuries, the one-year statute of limitations applies to his negligence claim. Therefore, for the claim to be considered timely, Plaintiff must have "commenced" his action within one year of November 4, 2017, the day on which Plaintiff claims he sustained his injuries. DN 1-1, p. 33. Plaintiff failed to do so. Plaintiff's action against Melville did not "commence" within one year of the of the alleged accident because Plaintiff did not file an amended complaint including Melville as a defendant until November 27, 2018, and the court did not issue a summons for Melville until March 6, 2019. *Id*. at 57. Even if the action were considered "commenced" upon filing of the amended complaint,[1] Plaintiff's suit against Melville was untimely.

Plaintiff argues that the filing date of his amended complaint against Melville relates back to the filing date of his initial complaint. This argument is without merit. Under both the Kentucky Rules of Civil Procedure and the Federal Rules of Civil Procedure, an action relates back to the original filing date when two criteria are met.[2] *See* Fed Rules Civ Proc R 15(c); Ky. CR Rule 15.03. First, the claim or defense asserted in the amended pleading must arise out of the conduct, transaction, or occurrence attempted to be set forth in the original pleading. Ky. CR Rule 15.03(1). Second, within the statute of limitations, the party being brought in by amendment must have received notice of the institution of the action "that he will not be prejudiced in maintaining his defense on the merits, and knew or should have known that, but for a mistake concerning the

---

[1] According to Kentucky law, "An action shall be deemed to commence on the date of the first summons or process." KRS 413.250. In contrast, Federal law provides that "A civil action is commenced by filing a complaint with the court." USCS Fed Rules Civ Proc R 3. At the time of the relevant filings, Plaintiff's case was in Kentucky State Court, and the Kentucky rule would have applied. However, this Court need not address which rule would govern here because under either standard, Plaintiff failed to file a timely complaint against Melville.

[2] Both the federal rule and state rules are substantively the same. For the purposes of this order, the Court will refer to the Kentucky Rules of Civil Procedure. Ky. CR Rule 15.03.

identity of the proper party, the action would have been brought against him." *Id*. at (2).

Plaintiff meets the first prong of the relation back doctrine because the negligence alleged in Plaintiff's untimely amended complaints arises "out of the conduct, transaction or occurrence" that Plaintiff attempted to set forth in his initial, timely complaint. However, Plaintiff's amended complaint does not meet the second prong of the relation back doctrine. Because Melville properly asserted the statute of limitations as an affirmative defense, Plaintiff bears the burden of demonstrating how Melville (1) "received such notice of the institution of the action," (2) "that he will not be prejudiced in maintaining his defense on the merits," and (3) how Melville "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Ky. CR Rule 15.03. The Court will analyze how Plaintiff failed to meet this burden.

### 1. Untimely notice of the institution of an action

Melville did not receive notice of the institution of the present action until after the expiration of the statute of limitations. Plaintiff argues that the amended complaint against Melville should relate back to the filing of the initial complaint because Melville "was on notice of the incident which occurred on its premises a mere 4 days after the Plaintiff's fall." DN 14, p. 2. To support this claim, Plaintiff provides a copy of a letter from Sedgwick Claims Management Services, Inc. (the third-party administrator that handles claims for Family Dollar) to Melville dated November 10, 2017. *Id*. at 8. The letter notified Melville that a customer exiting the Family Dollar Store at 3421 West Broadway fell while going down the ramp to the parking lot and sought medical attention. *Id*. Plaintiff is correct in his assertion that the letter put Melville on notice of Plaintiff's *injuries*. However, the letter does not lead to the conclusion, as Plaintiff claims, that "but for a mistake concerning the identity of the property party, the *action* would have been

4

brought against him." *Id*. (emphasis added). Accordingly, while the letter does demonstrate Melville had notice that an injury had taken place on its property by an unrepresented party, it does not demonstrate Melville had notice of "the institution of the action" as required under the Kentucky Rules of Civil Procedure. Ky. CR Rule 15.03(2). In fact, the Sedgwick letter contemplates that it is *not* notice of litigation: "Should this matter *become litigated* and our client is named as a defendant, we *will* request a defense and indemnification." DN 14, p. 8 (emphasis added).

### 2. Prejudice of Plaintiff's untimely complaint against Melville

Allowing Plaintiff's suit to proceed against Melville after the expiration of the statute of limitations would unjustifiably prejudice Melville. Plaintiff contends that he meets the second prong of the relation back doctrine because Defendant "fails to allege that it suffered any prejudice whatsoever due to the timing of being formally named in this action." DN 14, p. 2. Plaintiff's argument is without merit. Statutes of limitations are intended to assure fairness to Defendants and "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Dunleavy v. Local 1617, United Steelworkers of Am.*, 814 F.2d 1087, 1090 (6th Cir. 1987) (quoting *Burnett v. N.Y. Cent. R.R.*, 380 U.S. 424, 428, 85 S. Ct. 1050, 13 L. Ed. 2d 941 (1968)). The state legislature established the one-year statute of limitations to afford defendants a fair opportunity to gather evidence and mount a defense. The fact that Plaintiff believes Melville can still do so, despite the delay, does nothing to limit the effectiveness of the statute of limitations. *See* DN 14, p. 2 ("The Plaintiff cannot conceive any defenses which would have been available to the Defendant which are no longer available due to this delay."). "Limitations statutes are by nature arbitrary and so sometimes seem to operate harshly. This harshness, of course, does not authorize

courts to disregard the strict duties such statutes impose." *Reese v. Gen. Am. Door Co.*, NO. 1997-CA-000238-MR, 1998 Ky. App. LEXIS 122, at *7 (Ct. App. Nov. 25, 1998).

### 3. Melville's lack of knowledge of the action

Prior to the expiration of the one-year statute of limitations, Melville did not know, and had no reason to know,[3] that Plaintiff would file the present lawsuit against it. For Plaintiff's suit to relate back to his initial complaint, Rule 15.03 requires that Plaintiff demonstrate Melville "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Ky. CR Rule 15.03(2). Plaintiff has failed to do so. Notice of a lawsuit that is provided to a lease does not automatically impute knowledge to the lessor. This is especially true on the facts of this case. When Plaintiff filed his initial complaint, only days before the end of the statute of limitations, he named the wrong property owner and provided the wrong address of the store where the alleged injury took place. DN 1-1, p. 5. Furthermore, in his initial complaint, Plaintiff lists the owners of a completely different property as defendants; this is not the type of "mistake" contemplated within the meaning of Rule 15(c). *See Moore v. Tenn.*, 267 F.App'x 450, 455 (6th Cir. 2008) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)) ("a plaintiff's lack of knowledge pertaining to an intended defendant's identify does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c).").

---

[3] In his motion for leave to file a sur-reply Plaintiff attempts to take a second bite at the relation-back apple by claiming he "simply could not have foreseen that he would need to clarify the standard of notice" required for Plaintiff's amended complaints to relate back to the date of the filing of the initial complaint. DN 22, p. 2. This argument is without merit. Melville stated in its motion to dismiss that "the Plaintiff must be able to establish that the defendant had received *notice of the action*" and that the initial complaint "could not have put the Melville Trust on *notice of a cause of action* against them." DN 13, p. 3-4. (emphasis added). In its proposed sur-reply, Plaintiff simply presents additional support for arguments he already made in his response. Plaintiff argues that because Melville was an additional insured on Family Dollar's insurance policy, and Sedgewick was a third-party administrator for Family Dollar's insurance claims, and Sedgewick received a courtesy copy of the initial complaint (naming Israel and Rachel Gorinstein as defendants in a suit for an injury sustained at 1234 W. Broadway) on October 29, 2019, that notice of the action should be imputed to Melville. This chain of inferences that Plaintiff claims "demonstrates a clear relationship" falls far short of the "identical business interests" found among the defendants in the case cited by Plaintiff in his sur-reply. *Clark v. Young*, 692 S.W.2d 285, 288 (Ky. Ct. App. 1985). In sum the "notice" that Plaintiff claims Melville received is too attenuated to justify application of the relation-back doctrine.

## III. Conclusion

For the reasons stated herein, a separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**