UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FRED ADAMS**                                                                                   **PLAINTIFF**

vs.                                                                           CIVIL ACTION NO.  3:19-CV-167-CRS

**FAMILY DOLLAR STORES OF**                                                         **DEFENDANTS**
**KENTUCKY, LP #11504,**

and

**MELVILLE FAMILY TRUST GBR**
**REAL ESTATE,**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for the Court to alter or amend its October 29, 2019 Memorandum Opinion and Order. DN 28. Defendant filed a response. DN 31. This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion will be denied.

### I. Background

This motion arises from negligence action filed by Fred Adams ("Plaintiff") against Family Dollar Stores of Kentucky, LP #11504 ("Family Dollar") and Melville Family Trust GBR Real Estate ("Melville"). DN 1-1 at 33. Plaintiff alleges that on November 4, 2017, while walking outside the Family Dollar store at 3421 West Broadway in Louisville, Kentucky, he fell and sustained serious and permanent injuries. *Id*. Melville owns the property at 3421 West Broadway and leases it to Family Dollar.

Plaintiff alleges Melville received notice of the alleged fall from Sedgwick Claims Management Services, Inc. ("Sedgwick"), a third-party administrator that handles claims on behalf of Family Dollar. DN 14 at 8. Sedgwick mailed a notice ("the Sedgwick letter") to Melville, dated

November 10, 2017, stating Fred Adams fell in the parking lot of the Family Dollar Store located at 3421 West Broadway on November 6, 2017. *Id.*

On October 29, 2018, almost a year after the alleged fall, Plaintiff filed an initial complaint in Jefferson Circuit Court against three defendants—Family Dollar, Israel Gorinstein, and Rachel Gorinstein. DN 1-1 at 5. In his initial complaint, Plaintiff sought relief for injuries he allegedly sustained when he fell outside of the Family Dollar Store located at 1234 West Broadway in Louisville, Kentucky on or about November 4, 2017. *Id.* at 6. Plaintiff stated "Defendants Israel and Rachel, to the best of Plaintiff's knowledge, own the property located at 1234 W. Broadway, Louisville, Kentucky." *Id.* Plaintiff's initial complaint did not mention Sedgewick, Melville, or the 3421 West Broadway store.

On November 27, 2018, more than a year[1] after the alleged fall, Plaintiff filed a "second amended complaint"[2] that included Melville, the owner of the 3421 West Broadway property, as an additional defendant. *Id.* at 25. Plaintiff's second amended complaint continued to allege Plaintiff fell at 1234 West Broadway and maintained the Gorinsteins as defendants. *Id.* at 29. On January 8, 2019, Plaintiff filed a "third amended complaint…for the purpose of correcting the address of the location of the incident from 1234 W. Broadway, Louisville, Kentucky 40203 to 3421 W. Broadway, Louisville, Kentucky 40211." *Id.* at 30.

On April 12, 2019, Melville moved to dismiss Plaintiff's complaint because Plaintiff did not name Melville as a defendant until after the one-year statute of limitations. DN 13. Plaintiff filed a response on April 29, 2019 alleging that Melville had "notice of the incident which occurred

---

[1] The Sedgewick notice states Plaintiff fell on November 4, 2017. Plaintiff's initial complaint states Plaintiff fell on or about November 6. In either case, the alleged fall took place more than one year prior to the time that Plaintiff filed his motion to amend.

[2] Although Plaintiff styled this as a "second amended complaint," the Court finds no record of any previous filing of an amended complaint. For the sake of consistency, the Court will follow Plaintiff's styling and refer to Plaintiff's amended complaints as his "second" and "third" amended complaints.

on its premises" via the Sedgwick letter. DN 14 at 3. Plaintiff argued that because of this "notice of Plaintiff's injuries" Melville "knew or should have known that…the action would have been brought against him." DN 14 at 3. Therefore, Plaintiff argued, the date of the second and third amended complaints related back to the filing date of the original complaint. *Id*. In its reply, Melville noted correctly that "alleged notice of an incident is not sufficient to clear the hurdles for the doctrine of relation back to apply." DN 15 at 5.

On May 15, 2019, Plaintiff filed a motion for leave to file a sur-reply. DN 18-2. In his motion, Plaintiff presented a new theory to support the same relation-back arguments he had made in his response. DN 18. Instead of arguing that Melville's notice of the "incident" was sufficient for the amended complaints to relate back to his original complaint, Plaintiff argued the following chain of inferences: (1) The Sedgwick letter notified Melville that Fred Adams fell outside the Family Dollar located at 3421 West Broadway on November 4, 2016; (2) Plaintiff sued Family Dollar within the statute of limitations period; (3) Family Dollar notified Sedgwick, the Third Party Administrator for both of the Family Dollar stores, about the initial complaint; (4) Sedgwick had a record of both the November 4 fall at the 3421 West Broadway store *and* the complaint alleging Plaintiff fell on or about November 6 at the 1234 West Broadway store; (5) Sedgewick should have known the incidents were the same; (6) Plaintiff should have known that "the initial complaint listed the wrong address;" (6) and this relationship among the parties "imput[ed] actual notice of the initial filing of the Complaint and service from those parties named in the initial Complaint to the Defendant Melville Family Trust GBR Real Estate." DN 18-2 at 4. Plaintiff also stated that the date of the amended complaints should relate back to the filing of the initial complaint because Melville and Family Dollar "shared identical business interests." DN 18-2 at 6. (citing *Clark v.*

*Young*, 692 S.W.2d 285, 288 (Ky. Ct. App. 1985)—a case not mentioned in Plaintiff's original response).

On October 29, 2019, this Court granted Defendant Melville's motion to dismiss. DN 23. The Court held that the Sedgwick letter demonstrated Melville had notice of an injury on its property on November 6, 2017, but "it [did] not demonstrate Melville had notice of 'the institution of the action' as required under the Kentucky Rules of Civil Procedure." DN 23 at 5. The Court did not grant Plaintiff's motion to file a Sur-reply. On November 25, 2019, Plaintiff filed a motion for the court to alter or amend its prior judgment. DN 28.

## II. Legal Standard

A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994) (quoting *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991)).

## III. Discussion

Plaintiff's instant motion centers on his repeated assertion that the circumstances of this case are "identical" to those in *Clark v. Young*, 692 S.W.2d 285, 288 (Ky. Ct. App. 1985). DN 18-2 at 5. In *Clark*, a Kentucky appellate court imputed notice of a lawsuit filed against the lessee of a tractor trailer to its lessor because the parties had an "identical business interest." The court found that the lessor and lessee had an identical business interest because (A) the lease agreement made the lessor responsible for all torts committed by the lessee and (B) it was "inconceivable"

that the lessor was unaware of the action filed against the lessee. Neither of those criteria apply to the instant case.

Plaintiff rehashes arguments he presented in his response to Plaintiff's motion to dismiss and in his motion for leave to file a sur-reply. Plaintiff does not state the grounds upon which he believes he is entitled to have his motion granted. Presumably, Plaintiff believes that either the Court committed a clear error of law or a reversal is necessary to prevent manifest injustice. The Court has reviewed its prior decision and finds Plaintiff offers no arguments that would cause this Court to alter or amend its prior ruling.

### A. Lessor's Contractual Liability for Torts Committed by Lessee

The lease agreement between Melville and Family Dollar does not make Melville responsible for all torts committed by Family Dollar. The record reflects this fact. On May 13, 2019, Family Dollar filed a motion for leave to file cross-claim against Melville, alleging that the parties' lease agreement made Melville responsible for torts arising from a failure to maintain the sidewalk outside the Family Dollar store at 3421 West Broadway. DN 16. This Court concluded that "[t]he parties did not agree on indemnification for costs incident to legal liability arising out of negligent sidewalk maintenance." DN 26 at 5. The Court also found the equivocal language of the lease agreement supported a finding that both lessor and lessee bore some responsibility for sidewalk maintenance. *Id*. This is inapposite to *Clark* where the lease agreement clearly made the lessor responsible for torts committed by the lessee. Therefore, the relationship between Melville and Family Dollar is not analogous to the parties in *Clark,* and the Court does not find an "identical business interest" between the parties that would justify application of the relation back doctrine.

5

### B. Lessor's Notice of the Action

The court in *Clark* also found an "identical business interest" between the defendants because it was "inconceivable" that the lessor of a tractor trailer had not received actual or constructive notice of the lawsuit filed against the lessee. *Clark*, 692 S.W.2d at 288.  The same is not true here.  The Sedgwick letter alleged that a claimant named Fred Adams fell at the Family Dollar located at 3421 West Broadway on November 4, 2017.  Almost a year later, Plaintiff filed his initial complaint against Family Dollar and the Gorinsteins, alleging that he fell at the Family Dollar located at 1234 West Broadway on November 6, 2017.  The complaint alleged a fall took place on a different day, at a different store, located at a different property, which was owned by a different set of owners.  Furthermore, the complaint did not mention the Sedgwick letter or that a grievance had been filed with personnel at the 3421 West Broadway Store almost a year before. Accordingly, there is no identical business interest between Melville and Family Dollar, and Plaintiff's motion will be denied.

### III. Conclusion

Motions having been made and for the reasons set forth herein and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff's motion to alter or amend prior judgment, DN 28, is **DENIED**.

April 16, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**